## HANNAH FURNITURE COMPANY

v.

## WORKBENCH, INC.

Civ. A. No. 83–78.

United States District Court,
W.D. Pennsylvania.

May 5, 1983.

John M. McLaughlin, Thomas A. Tupitza, Erie, Pa., for plaintiff.

Robert A. King, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., Michael L. Hirschfeld, Alice Baron, Seyfarth, Shaw, Fairweather & Geraldson, New York City, for defendant.

## OPINION

WEBER, District Judge.

This is a diversity action between plaintiff Pennsylvania corporation and defend-

ant New York corporation. Defendant is in the business of franchising retail furniture stores to sell distinctive lines of furniture and plaintiff acquired a franchise from it to operate a store in Pittsburgh, Pennsylvania, on June 4, 1979.

On March 18, 1983, defendant mailed to plaintiff a letter of termination of the franchise agreement by reason of default on the part of plaintiff.

On March 24, 1983, plaintiff filed a Complaint for Preliminary Injunction together with a Motion for Temporary Restraining Order, with notice to opposing counsel. On March 25, 1983, the court heard counsel and entered a temporary restraining order maintaining the status quo until a hearing could be held April 5, 1983 on the preliminary injunction.

After conference with counsel, the hearing set for April 5, 1983 was continued until on or after April 25, 1983 and the temporary restraining order was continued with the consent of the defendant until such hearing.

Defendant, on April 14, 1983, filed a Motion for a Stay of Proceedings Pending Arbitration and plaintiff on April 25, 1983 filed a Motion for Temporary Restraining Order Against Arbitration. It is with these motions that we are presently dealing. We have omitted from our recital the side skirmishes that have arisen.

Upon receipt of the defendant's motion we fixed argument on the arbitration question for April 22, 1983, and postponed the evidentiary hearing on injunctive relief until it was resolved, keeping the temporary restraining order in effect. We have heard the argument of counsel, read their briefs and now face the issue.

The United States Arbitration Act, 9 U.S.C. § 3 provides that in any suit in the United States Courts on any issue that is referable to arbitration under a written agreement to arbitrate the court shall stay the trial of the action until such arbitration has been had.

The franchise agreement between the parties here, which precipitated this lawsuit by its cancellation, contains the following provisions concerning arbitration:

All complaints, disputes or grievances between the parties involving questions of interpretation of any of the provisions of this Agreement shall be submitted to arbitration by either party before an arbitrator . . . in the City of New York designated by the American Arbitration Association, in accordance with its rules. . . .

\* \* \* \* \* \* \*

This Agreement shall be the sole and exclusive basis for the determination of any and all complaints, disputes and grievances hereunder.

Plaintiff resists the demand for arbitration on the grounds that no part of the instant lawsuit is subject to the arbitration clause of the contract because the lawsuit asks for injunctive relief with respect to the wrongful termination of or interference with a franchise relationship, damages for an interference with a franchise relationship,. damages for franchisor's breach of fiduciary duty arising out of the relationship, and damages for fraud on the part of the franchisor in the inducement of the relationship.

The arbitration clause in this contract varies from the language of the arbitration provision recommended by the American Arbitration Association, which has often been cited as the broad arbitration clause. It provides that "any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration."

The narrower language of the arbitration clause was noted as a matter of significance in the Second Circuit in *Amoruso E. Fegli v. Fisheries Development Corporation,* 499 F.Supp. 1074 (S.D.N.Y.1980). While a claim of fraud in the inducement was held not arbitrable; under the narrow language the court found the fraud claim unsubstantiated, and ordered arbitration.

The Second Circuit distinction in *In re Kinoshita & Co.,* 287 F.2d 951 (2d Cir.1961) where the Court held a clause more narrow than the standard American Arbitration

Association clause would not cover a dispute concerning the fraudulent inducement of a contract. It noted that the standard American Arbitration Association clause would have been sufficient and also noted that recent New York state decisions have required arbitration on charges of fraudulent inducement under clauses; and thus, views more favorable to arbitration seemed to be making headway. Arbitration was ordered and affirmed when the district court found no substance to the charge of fraud in the inducement.

■ *United Steelworkers v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), while part of a trilogy that established the national policy favoring arbitration in labor disputes, nevertheless warned that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (p. 582, 80 S.Ct. at 1352). Relying on this, plaintiff argues that its claims are not based on matters found within the contract, but on matters outside the contract; that in a sense they sound in tort, being primarily material misrepresentations and concealment occurring prior to the contract. However, this is no answer when a party might easily add a tort count to a complaint and frustrate arbitration. *Hilti v. Oldach,* 392 F.2d 368 (1st Cir.1968). The inclusion of a tort claim which is closely related to the contract issue may readily be settled after the contract claim has been arbitrated. It would be unsound public policy to permit the addition of a tort claim to frustrate the public policy favoring arbitration. *Sewer v. Paragon Homes, Inc.,* 351 F.Supp. 596 (D.C. V.I.1972).

■ We believe that the plaintiff's complaint can be fairly read to involve interpretation of the franchise agreement between it and defendant. Paragraph 4 of plaintiff's complaint states "The claims for relief, in part, are based upon Franchisor's termination of an existing Franchise Agreement." The Franchise Agreement permitted the defendant summarily to terminate the franchise upon the breach of any terms

or conditions therein. Within 3 days of receipt of notice of termination plaintiff had filed this suit to enjoin the termination. Plaintiff claimed a breach of the contract. Plaintiff added counts alleging a breach of fiduciary duty owing from defendant to plaintiff, which can only arise out of the contract between them, and fraud in the inducement. Such matters as these arise because of a contractual relationship between the parties, hence they are "complaints, disputes or grievances involving questions of interpretation of any of the provisions of this Agreement" as defined in the Arbitration Clause. Furthermore, the additional provision of the Arbitration Clause, gives weight to this interpretation; "This Agreement shall be the sole and exclusive basis for the determination of any and all complaints, disputes and grievances hereunder". While this language may be equivocal, and a possible limitation on arbitrability, it may also evidence an intention that the arbitration clause be broadly interpreted.

■ The fact that a complaint may contain arbitrable and non-arbitrable claims is no bar to ordering arbitration. In *Sibley v. Tandy Corp.,* 543 F.2d 540 (5th Cir.1976), there were certain claims not subject to arbitration by statute (Securities Act Claims). The court held that the contract claims should be submitted to arbitration and the non-arbitrable Securities Act claims should be stayed pending arbitration. See also *Janmort Leasing Inc. v. Econo-Car International, Inc.* 475 F.Supp. 1282 (E.D.N.Y. 1979).

However, we cannot escape the conclusion that all of plaintiff's claims involve the contractual relations between the parties and defendant's performance of that contract, requiring interpretation of the contract, and are therefore subject to arbitration.

■ We are mindful that federal courts are directed to give liberal interpretation to arbitration clauses:

[D]oubts as to whether an arbitration clause may be interpreted to cover the

asserted dispute should be resolved in favor of arbitration unless a court can state with 'positive assurance' that this dispute was not meant to be arbitrated.

*Hussey Metal Division of Copper Range Co. v. Lectromelt Furnace Division,* 471 F.2d 556, 558 (3d Cir.1972).

Accord: *Becker Autoradio USA, Inc. v. Becker Autoradiowerk, GmbH,* 585 F.2d 39, 44 (3d Cir.1978).

We can find no such positive assurance here.

We are fully aware that we may face this issue again when the prevailing party in the arbitration returns to this court to enforce the award and/or the non-prevailing party seeks to vacate it. *See Swift Industries, Inc. v. Botany Industries,* 325 F.Supp. 577 (W.D.Pa.1971), *affd.* 466 F.2d 1125 (3d Cir. 1972). Nevertheless, it will be on a more adequate record than we have at present, and perhaps the arbitration process will have satisfied its intended purpose.

We will order the action stayed, direct the parties to proceed with the already noticed arbitration, and continue the present temporary restraining order in effect until we have been notified of the conclusion of the arbitration proceedings, and set the matter for any further proceeding. Plaintiff's motion to enjoin the arbitration will be denied.