**SOUTH CONEJOS SCHOOL DISTRICT RE–10, Appellant,**

v.

**Faustin MARTINEZ and The Antonito Classroom Teachers Association, Appellees.**

No. 84CA0311.

Colorado Court of Appeals, Div. I.

Sept. 5, 1985.

Edwin J. Lobato, Alamosa, for appellant.

Hobbs/Bethke & Associates, Larry F. Hobbs, P.C., William P. Bethke, Denver, for appellees.

PIERCE, Judge.

The South Conejos School District (district) appeals from a trial court judgment affirming an arbitrator's award in favor of Faustin Martinez (Martinez) awarding him back pay with fringe benefits and reinstating his teaching position. We affirm.

Martinez had been employed by the district as an instructor in a vocational program from 1973 until August 1979, and then on a half-time basis for the school year 1979 to 1980. Up to that time, Martinez held a valid letter of authorization issued pursuant to § 22–60–105, C.R.S. (1984 Cum.Supp.).

On August 25, 1980, Martinez requested and was granted a sabbatical leave for one year. Upon his return, he held a valid teaching certificate issued pursuant to § 22–60–105, C.R.S. (1984 Cum.Supp.). However, the district refused to return Martinez to a teaching position.

Martinez filed a grievance under the existing master agreement between the district and the Antonito Classroom Teachers' Association (ACTA), which had been executed on August 11, 1980. Martinez' grievance was predicated upon § 11.7 of the agreement which provides:

"A teacher on sabbatical leave will be guaranteed a position upon his/her return to the district."

The district disputed arbitrability and, following an unfavorable ruling by the arbitrator, the district refused to participate in the proceedings on the merits of the grievance. The arbitrator proceeded to hear evidence and argument, and ruled in favor of ACTA and Martinez on the merits of the grievance.

The district appealed to the district court pursuant to § 13–22–214(1)(a)(III), C.R.S. (1984 Cum.Supp.), arguing that the arbitrator had exceeded his powers by entering a finding that Martinez was an "employee" under the master agreement. The district contended that because Martinez was not an employee as defined in the agreement, the matter was not arbitrable. The essential question in this dispute is whether Martinez was a "teacher on sabbatical leave," and thus guaranteed a position upon his return, as expressly provided by the master agreement.

## I. Exceeding Powers

### A. Arbitrability

The master agreement in § 5.5 provides that:

"If a question arises as to arbitrability, such question will be ruled upon by the arbitrator selected to hear the dispute."

 Where, as here, a collective bargaining agreement provides for the arbitrator to decide the question of arbitrability, such a resolution is not in excess of the arbitrator's powers. *See United Steel Workers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed.2d 1432 (1960) (Brennan, J., concurring); *International Brotherhood of Teamsters v. Washington Employers, Inc.*, 557 F.2d 1345 (9th Cir.1977); *Metal Production Workers Union v. Torrington Co.*, 358 F.2d 103 (2d Cir.1966); *Cabs, Inc. v. Delivery Drivers*, 39 Colo.App. 241, 566 P.2d 1078 (1977). We, therefore, reject the district's contention of excessive use of power by the arbitrator in determining the arbitrability of Martinez' claim.

### B. "Employee"

 We further conclude that the arbitrator did not exceed his powers in finding Martinez to be an "employee" under the master agreement.

While acting in a judicial capacity, the arbitrator is confined to interpretation and application of the collective bargaining agreement. *See City & County of Denver v. Denver Firefighters Local No. 858*, 663 P.2d 1032 (Colo.1983). Here, the master agreement specified that the term "employee" meant "professional certificated employees" including "[a]ll certificated elementary and secondary employees who have no supervisory or administrative responsibilities." The agreement furthermore defines "teachers" as being the same as "employee." The agreement specifically excludes from coverage "[a]ll non-certifi-

cated personnel and ... administrative staff...." Nowhere in the agreement is the term "certificated" defined, nor does the agreement differentiate, for purposes of coverage, between teachers employed under various types of teaching credentials.

The arbitrator found that this broad language included vocational instructors, such as Martinez, who lacked full credentials during portions of their course of employment with the district. The arbitrator reasoned that Martinez was accepted as a member of ACTA, that he had been salaried as a teacher, that he was recognized as an "employee" and, accordingly, had received approval for sabbatical leave under the agreement, and that the agreement gave no indication of excluding vocational teachers from its coverage. These findings indicate that the arbitrator did not dispense "his own brand of industrial justice," but rather properly confined himself to interpretation and application of the master agreement. *See City & County of Denver, supra.* The arbitrator did not, therefore, exceed his powers.

■ Furthermore, the arbitrator's findings demonstrate proper interpretation of the terms "employee" or "teacher" under the master agreement. The specific issue before the arbitrator was whether Martinez was covered by the master agreement at the time that the grievance was filed, and therefore, whether the arbitrator could proceed to consider the grievance pursuant to the agreement. As a result, the district's arguments pertaining to Martinez' status in 1980, prior to this grievance arising, are unpersuasive.

There is no indication of Martinez' employment being terminated prior to his request for sabbatical leave. On the contrary, he was granted leave by the board of directors of the district for one year at half pay as provided for "teachers" by the master agreement. Upon his return from this approved sabbatical leave, Martinez held a valid teaching certificate; therefore, he stood in a position of a "certificated" employee or teacher seeking guaranteed rehire.

Thus, accepting the words at their common meanings, and interpreting the agreement in its entirety, we conclude that Martinez was a "teacher on sabbatical leave." *See Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). Therefore, again, there is no evidence that the arbitrator exceeded his powers.

For the above-stated reasons, the district court properly affirmed the arbitrator's award. Section 13–22–214(4), C.R.S. (1984 Cum.Supp.); *Judd Construction Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo. 1982).

## II. New Matters

The district also argues that the trial court erred in striking certain portions of the district's motion for new trial which attacks the damages award and the reinstatement of Martinez. Again, we disagree.

■ The motion was filed and ruled on before January 1, 1985. The matters raised in the stricken portions of the district's motion for new trial were new issues not brought in its initial application. Section 13–22–214(2), C.R.S., requires that application for vacating an arbitrator's award be made within 90 days after delivery of a copy of the award, unless predicated upon corruption, fraud, or other undue means. Here, the district's application, which was timely made, sought vacation based only on claims of excessive powers exercised by the arbitrator. The district's motion for new trial does not claim corruption, fraud, or other undue means. Therefore, the trial court was under no obligation to hear these new matters and properly restricted its review by striking the new matters. *See* § 13–22–214(4), C.R.S. (1984 Cum.Supp.); C.R.C.P. 12(f).

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.