Donald O. AYERS and Irene E. Ayers, Plaintiffs–Appellees,

v.

PRUDENTIAL–BACHE SECURITIES, INC., Defendant–Appellant.

No. 86CA0606.

Colorado Court of Appeals, Div. II.

June 9, 1988.

Rehearing Denied July 7, 1988.

Certiorari Denied Oct. 31, 1988.

A.A. Lee Hegner, Denver, for plaintiffs-appellees.

Roath and Brega, P.C., Stuart N. Bennett, Gregory C. Tevis, Mark J. Appleton, Denver, for defendant-appellant.

SMITH, Judge.

Prudential–Bache Securities, Inc., (Prudential) appeals the district court's order which denied its motion to compel arbitra-

tion of plaintiffs' claims of fraud, breach of fidiciary duty, and outrageous conduct with respect to Prudential's handling of their brokerage account. The trial court based its ruling on the premise that the right to a court proceeding is a fundamental right which can only be waived knowingly and voluntarily. We reverse the order entered.

There is no dispute that plaintiffs signed customer account agreements which contained broad arbitration clauses. However, they alleged fraud in the inducement of those contracts. More specifically, they claimed that Prudential's employee told them that the signing of the agreements was just a formality. Plaintiffs admitted that they did not read the agreements before they signed them. They brought this action when, contrary to Prudential's alleged representation, instead of growing at a rate of $1,000 per month, their accounts suffered a $45,000 loss. Prudential did not present any evidence.

The issue on appeal is the question of the proper tribunal to decide plaintiffs' claims. Prudential contends that, as a matter of law, since the agreements involved interstate commerce, federal law applies. Therefore, plaintiffs' claims must be decided by arbitration unless it is shown that the parties did not intend the arbitration clause to cover disputes such as fraud in the inducement. We agree.

■ The Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1983) (the Act), creates a body of federal substantive law which governs the issue of arbitration in either state or federal court. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). In enacting section two of the Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims as to which the contracting parties have agreed to resolve by arbitration. *Southland Corp. v. Keating, supra.* Consequently, since the Act is part of the federal substantive law, and even if we assume that New York law governs this matter, any New York statute or law to the contrary is

nevertheless void. *See Sager v. District Court*, 698 P.2d 250 (Colo.1985).

■ Section two of the Act provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The contract between a brokerage firm and its customer is a contract evidencing a transaction involving commerce within the meaning of that Act. *Robinson v. Bache & Co.*, 227 F.Supp. 456 (S.D.N.Y.1964).

■ The Act, by its terms, leaves no room for the exercise of discretion by a district court, but instead mandates that courts shall direct the parties to proceed to arbitration on the issues included in the arbitration agreement. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The question of whether plaintiffs have a fundamental right to a court proceeding is inapposite to the issue of whether plaintiffs must first submit their dispute to arbitration.

■ Except where the parties otherwise agree, arbitration clauses, as a matter of federal law, are "separable" from the contracts in which they are embedded, and where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The arbitration clause here is nearly identical to that found by the United States Supreme Court in *Prima Paint* to be broad enough to encompass an agreement to arbitrate. That clause provided: "[a]ny controversy or claim arising out of or relating to this Agreement, ... shall be settled by arbitration in the City of New York." *Prima Paint Corp. v. Flood & Conklin Manufacturing Co., supra.*

Accordingly, the order of the trial court is reversed and this matter is remanded to the district court with directions to order the parties to proceed by arbitration.

STERNBERG and METZGER, JJ., concur.