NATIONAL CAMERA, INC., and R. E. Ellerbusch, Plaintiff-Appellant,

v.

Samuel L. LOVE, Defendant-Appellee.

No. 81CA0828.

Colorado Court of Appeals, Div. III.

March 18, 1982.

Nelson & Harding, John S. Finn, Denver, for plaintiff-appellant.

Banta, Hoyt, Malone & Banta, P. C., Stephen G. Everall, Englewood, for defendant-appellee.

STERNBERG, Judge.

National Camera, Inc., and Samuel L. Love entered into an agreement under which Love was to perform consulting services. National Camera sued seeking declaratory judgment that the agreement was void because of fraud in the inducement of the contract. A stay was ordered pending arbitration. The arbitration panel found for Love, and the trial court granted Love's motion for confirmation of arbitration award and entry of judgment. National Camera appeals and we affirm.

The issue on appeal stems from the trial court's interpretation of § 13–22–203, C.R.S.1973 (1981 Cum.Supp.), which reads:

> "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*" (emphasis added)

National Camera contends that the emphasized portion of the statute applies to its claim of fraud in the inducement to the underlying contract. Love, on the other hand, argues that this section applies only when the validity of the arbitration clause itself is in question.

In *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967) a similar arbitration clause was involved. There, Prima entered into a consulting agreement with F & C. Prima claimed that there had been fraud in the inducement of the contract by F & C and sought to enjoin arbitration. In construing § 2 of the Federal Arbitration Act—which is substantially the same as § 13–22–203, C.R.S.1973—the U. S. Supreme Court held that the claim of fraud in the inducement of the contract generally, as opposed to the arbitration clause itself, fell under the contract provision for arbitration.

Several states have followed this interpretation. *Flower World of America, Inc. v. Wenzel*, 122 Ariz. 319, 594 P.2d 1015 (1979); *Two Sisters, Inc. v. Gosch & Co.*, 171 Conn. 493, 370 A.2d 1020 (1976); *Security Construction Co. v. Maietta*, 25 Md.App. 303, 334 A.2d 133 (1975); *Quirk v. Data Terminal Systems, Inc.*, 379 Mass. 762, 400 N.E.2d 858 (1980); *Weinrott v. Carp*, 32 N.Y.2d 190, 298 N.E.2d 42, 344 N.Y.S.2d 848 (1973). *But see George Engine Co. v. Southern Shipbuilding Corp.*, 350 So.2d 881 (La.1977); *Atcas v. Credit Clearing Corp.*, 292 Minn. 334, 197 N.W.2d 448 (1972).

In Colorado, as recently expressed in *Sandefer v. District Court*, Colo., 635 P.2d 547 (1981), arbitration has long been favored as an efficient and convenient method of dispute resolution. Consequently, we follow the rule of *Prima Paint, supra*, and hold that since National Camera was not contesting the validity of the arbitration clause itself, the statutory exception contained in § 13–22–203, C.R.S.1973, does not preclude arbitration of the claim that the underlying contract was induced by fraud.

The judgment is affirmed.

KIRSHBAUM and TURSI, JJ., concur.