**In re J.D. EDWARDS WORLD SOLUTIONS COMPANY, Relator.**

**No. 01–0630.**

Supreme Court of Texas.

Oct. 10, 2002.

Rehearing Denied Nov. 21, 2002.

Stacy R. Obenhaus, Eric Scott Levy, Gardere Wynne Sewell LLP, Dallas, Marshall M. Searcy, Jr., Mark Timothy Pittman, Kelly Hart & Hallman, Fort Worth, for Relator.

Vincent J. Hess, April Renee Terry, Locke Purnell Rain Harrell, Dallas, E. Lee Parsley, Locke Liddell & Sapp LLP, Austin, Jerry K. Clements, Cynthia Keely Timms, Locke Liddell & Sapp, Dallas, for Respondent.

PER CURIAM.

J.D. Edwards World Solutions Company seeks mandamus relief from the trial court's order denying its motion to compel Doskocil Manufacturing Company, Inc. to arbitrate its fraudulent inducement claim against J.D. Edwards. We hold that the parties' agreement to arbitrate all disputes "involving" the underlying contract encompasses that claim. Because the trial court concluded otherwise, and because J.D. Edwards has no adequate remedy by appeal, we conditionally grant the writ of mandamus.

Doskocil, a Texas corporation with its principal place of business in Arlington, Texas, entered into a software licensing agreement with J.D. Edwards, a Colorado corporation with its principal place of business in Denver, Colorado. The licensing agreement contains a combined choice-of-law and arbitration provision, which states:

> All disputes involving this Agreement, except actions arising under the copyright provision of Title 17 of the U.S. Code, shall be determined under the law of the State of Colorado and shall be submitted to an arbitrator appointed and operating under the Uniform Arbitration Act and the procedural rules of the American Arbitration Association. The location of the arbitration hearing will be chosen by the party not initiating the arbitration or action. The written decision of the arbitrator shall be final, binding and convertible to a court judgment in any appropriate jurisdiction.

The dispute in this case arose when Doskocil became dissatisfied with the performance of J.D. Edwards's OneWorld Software, which Doskocil licensed directly from J.D. Edwards in 1997 and attempted to implement at its Texas headquarters in late 1998 with assistance from J.D. Edwards's personnel in Colorado. In accordance with the parties' arbitration agreement, Doskocil initially submitted a request for arbitration with the American Arbitration Association, asserting claims for fraud, fraudulent inducement, misrepresentation, breach of contract, breach of warranty, and negligence. Doskocil then filed the underlying lawsuit against J.D. Edwards in state district court, asserting the same claims.[1] In response, J.D. Edwards moved under the Federal Arbitration Act[2] (FAA) to compel Doskocil to arbitrate all its claims. The trial court granted the motion in part and denied it in part, ordering Doskocil to arbitrate all the claims against J.D. Edwards except the fraudulent inducement claim. The court of appeals denied J.D. Edwards's request for mandamus relief in an unpublished per curiam opinion without substantive analysis. J.D. Edwards now petitions this Court for a writ of mandamus directing the trial

---

1. Doskocil also sued Grant Thornton L.L.P., but that company is not a party to this original proceeding.

2. 9 U.S.C. § 1 *et seq.*

court to order Doskocil to arbitrate its fraudulent inducement claim.

 Mandamus is an extraordinary remedy available only to correct a clear abuse of discretion or the violation of a legal duty when there is no adequate remedy by appeal.[3] We have held that a party seeking to compel arbitration by mandamus must establish both the existence of an arbitration agreement subject to the FAA and that the claim at issue falls within the scope of the arbitration agreement.[4] If the arbitration agreement encompasses the claim at issue and there are no defenses to enforcement of the arbitration agreement itself, the trial court has no discretion but to compel arbitration and stay its own proceedings.

J.D. Edwards and Doskocil do not dispute that there is an arbitration agreement, and Doskocil has asserted no defenses to its enforcement in this original proceeding. The parties disagree, however, about whether the fraudulent inducement claim is a dispute "involving" the software licensing agreement and whether J.D. Edwards has an adequate remedy by appeal. The parties also disagree about what law governs the resolution of these issues.

 There is no contractual or legal basis for applying Texas law to the issues in this case in light of the express contractual references to Colorado law and the UAA. Relying on the formulation in section 187(1) of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS, this Court has held that the contracting parties' choice of law will be respected " 'if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.' "[5] And, as articulated in section 187(2) of the RESTATEMENT, the parties' choice of law is given effect " 'even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue' " if the chosen law has a substantial relationship to the parties or the underlying transaction.[6] Colorado has a substantial relationship to Doskocil, J.D. Edwards, and their transaction because the J.D. Edwards office with which Doskocil contracted is located in Colorado, and Doskocil received assistance from personnel located in Colorado.[7] Accordingly, even the standard under section 187(2) of the RESTATEMENT is met.

 According to Doskocil, however, the parties' contractual reference to the Uniform Arbitration Act (UAA)[8] invokes the Texas Arbitration Act (TAA)[9] because the TAA is based on the UAA and Doskocil filed its lawsuit in this state. We disagree that mere similarity between the TAA and the UAA is sufficient to convert the parties' express choice of the UAA into an implied agreement to arbitrate under the TAA if a lawsuit between the parties happened to be filed in this state. Moreover, the contract clearly states that all disputes are to be *determined* under Colo-

3. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001).

4. *Id.*

5. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex.1990) (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971)).

6. *Id.* at 678 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971)).

7. *Id.* ("Florida has a substantial relationship to the parties and the transaction because Wackenhut's corporate offices are there, and some of the negotiations between DeSantis and George Wackenhut occurred there.").

8. UNIFORM ARBITRATION ACT § 1 *et seq.*

9. TEX. CIV. PRAC. & REM.CODE § 171.001 *et seq.*

rado law while the contractual reference to the UAA is only to the effect that any dispute "shall be submitted to an arbitrator *appointed and operating under the [UAA]*." This limited reference to the UAA is not sufficient to invoke Texas law or the TAA as the law governing the arbitration agreement. Although there remains a question about whether federal law, Colorado law or the UAA controls the resolution of the disputed issues in this case, we need not decide which applies, or to what extent, because the result is the same under all three.

■ In *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*,[10] the United States Supreme Court, distinguishing between claims of fraud in the inducement of the arbitration agreement itself and fraud in the inducement of the contract as a whole, held that a claim for fraud in the inducement of a contract falls within the scope of a broad arbitration agreement.[11] The Court held that "the statutory language [of the FAA, 9 U.S.C. § 4] does not permit the federal court to consider claims of fraud in the inducement of the contract generally," and such claims must be referred to arbitration.[12]

■ Colorado courts have also held that claims of fraudulent inducement must be referred to arbitration. The court in *National Camera, Inc. v. Love*[13] adopted the rule of *Prima Paint,* and held that the Colorado Arbitration Act "does not pre-

clude arbitration of the claim that the underlying contract was induced by fraud."[14] Even when faced with an arguably narrow arbitration provision, Colorado courts have referred fraudulent inducement claims to arbitration. For example, in *Austin v. U.S. West, Inc.*,[15] the court held that the plaintiffs' fraudulent inducement claim fell within the scope of the parties' agreement to arbitrate "[a]ny dispute arising between you and the Company *with respect to the performance and interpretation of this Agreement*...."[16] Likewise, in *Kiewit Western Co. v. City & County of Denver,*[17] the Colorado Court of Appeals held that a fraudulent inducement claim was subject to arbitration under an arbitration provision governing "all disputes *regarding* [the] contract...."[18] In so holding, the court observed that "fraud in the inducement of a contract ... necessarily constitute[s] a dispute relative to the contract itself."[19]

■ Doskocil argues, however, that its fraudulent inducement claim does not fall within the scope of the parties' arbitration agreement because the provision in the agreement is narrower than the "standard" arbitration agreement recommended by the American Arbitration Association. While the AAA recommends using a provision encompassing all disputes "arising under or related to" a contract,[20] the arbitration agreement in this case compels arbitration of disputes "involving" the licens-

10. 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

11. *Id.* at 403–04, 87 S.Ct. 1801.

12. *Id.* at 404, 87 S.Ct. 1801.

13. 644 P.2d 94 (Colo.Ct.App.1982).

14. *Id.* at 95.

15. 926 P.2d 181 (Colo.Ct.App.1996).

16. *Id.* at 183 (emphasis added).

17. 902 P.2d 421 (Colo.Ct.App.1994).

18. *Id.* at 425 (emphasis added).

19. *Id.*

20. *Drafting Dispute Resolution Clauses: A Practical Guide,* "Standard Arbitration Agreements," American Arbitration Ass'n, Nov. 1, 1993, *available in* LEXIS.

ing agreement. Doskocil contends that the term "involving" is narrower than the AAA's "arising under or related to" language and does not include Doskocil's fraudulent inducement claim, which is based on J.D. Edwards's pre-contractual conduct. We disagree. Whether the contract between Doskocil and J.D. Edwards was induced by fraud is a dispute "involving" their agreement.

■ We also hold that J.D. Edwards is entitled to mandamus relief because it has no adequate remedy by appeal. Although the TAA allows an interlocutory appeal from the denial of a motion to compel arbitration,[21] we held in *Jack B. Anglin Co. v. Tipps*[22] that an interlocutory appeal is not available under the TAA when a trial court denies a motion to compel arbitration made under the FAA even though the FAA itself permits a party to take an interlocutory appeal.[23] Arguing that this case is governed by the TAA, rather than the FAA, Doskocil contends that *Tipps* does not authorize mandamus relief in this case. As previously discussed, we disagree that the contractual reference to the UAA[24] invokes the TAA.

■ Doskocil asserts in the alternative that mandamus relief is not appropriate even if we apply Colorado law or the UAA because an interlocutory appeal is available under both the Colorado Arbitration Act (CAA)[25] and the UAA.[26] Doskocil contends that the references to Colorado law and the UAA effectively disclaim FAA preemption[27] and, even absent an effective disclaimer, the FAA does not govern the arbitration agreement because J.D. Edwards failed to establish that the licensing agreement "involv[es] interstate commerce"[28] as required under the FAA. We need not decide whether the FAA governs the parties' arbitration agreement, however, because we conclude that the rationale in *Tipps* applies regardless of whether Colorado law or the UAA is applied. Under the TAA, a party is entitled to an interlocutory appeal from an order denying an application to compel arbitration only if it is *"made under Section 171.021 [of the TAA]...."*[29] The TAA does not authorize an interlocutory appeal when the subject arbitration agreement is governed by Colorado law or the UAA. Therefore, J.D. Edwards is entitled to mandamus relief.

**21.** Tex. Civ. Prac. & Rem.Code § 171.098(a)(1) (stating that a party may appeal an order denying an application to compel arbitration made under Section 171.021 (of the TAA)).

**22.** 842 S.W.2d 266 (Tex.1992).

**23.** *Id.* at 271–72 (interpreting the Texas General Arbitration Act, Tex.Rev.Civ. Stat Ann. art. 238–2(A)); *see also In re Valero Energy Corp.,* 968 S.W.2d 916, 916 (Tex.1998) (holding the same under the current codification of the Texas Arbitration Act, Tex. Civ. Prac. & Rem. Code § 171.098).

**24.** Uniform Arbitration Act § 1 *et seq.*

**25.** Colo.Rev.Stat. Ann. § 13–22–221.

**26.** Uniform Arbitration Act § 28.

**27.** *Compare Volt Info. Sciences v. Bd. of Trs. of Leland Stanford Jr. Univ.,* 489 U.S. 468, 476,

109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (holding that the FAA did not preempt California law permitting court to stay arbitration pending resolution of related litigation where parties had selected California law in a standard choice of law provision), *with Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 64, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (holding that New York law did not preclude an arbitrator's award of punitive damages despite a New York choice of law provision because there was no indication in the contract that the parties intended to limit their remedies in arbitration).

**28.** 9 U.S.C. § 2.

**29.** Tex. Civ. Prac. & Rem.Code § 171.098(a)(1) (emphasis added).

Accordingly, without hearing oral argument,[30] we conditionally grant the writ of mandamus and direct the trial court to order that Doskocil's fraudulent inducement claim proceed to arbitration. Our writ will issue only if the trial court fails to do so.