# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00573-CV

**Evan P. Weaver and Weaver Interests, Inc., Appellants**

**v.**

**Jim Tobin and Linda Tobin, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. GN301325, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On September 29, 2003, appellants Evan P. Weaver and Weaver Interests, Inc. (Weaver) filed a notice of an interlocutory appeal from a trial court order denying its motion to compel arbitration. On October 2, Weaver filed an emergency motion to stay the trial that was scheduled to start October 6, 2003. This court denied the motion for emergency relief. *See Weaver v. Tobin*, No. 03-03-00573-CV (Tex. App.—Austin October 3, 2003, order). On October 6, Weaver removed the case to federal court, staying any action by this Court on the motion to dismiss the appeal and for sanctions filed by appellees Jim Tobin and Linda Tobin. *See Meyerland Co. v. Federal Deposit Ins. Corp.*, 848 S.W.2d 82, 83 (Tex. 1993). Accordingly, we abated the appeal with instructions that the appeal was reinstated at the revesting of jurisdiction in the state court upon the

federal court's execution of the remand order and mailing of a certified copy of the order to the state court. *See Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999); *Weaver v. Tobin*, No. 03-03-00573-CV (Tex. App.—Austin October 27, 2003, interlocutory memorandum opinion abating appeal). The Travis County District Clerk received the order of remand on October 27, 2003. Accordingly, this cause was reinstated.

The initial material filed in this case was unclear about whether the Texas Arbitration Act[1] or the Federal Arbitration Act[2] applied. In his notice of removal, however, Weaver unequivocally states: "Defendants seek to compel arbitration pursuant to the Federal Act." The Texas Arbitration Act allows an interlocutory appeal from an order denying a motion to compel arbitration. Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (West Supp. 2003). No such provisions allow an interlocutory appeal to a Texas court from an order denying arbitration under the Federal Arbitration Act. *See In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 551 (Tex. 2003) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272-73).[3] Accordingly, we dismiss this appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (West Supp. 2003).

[2] 9 U.S.C.A. §§ 1-16 (West 1999).

[3] Mandamus, not appeal, is the appropriate remedy to contest an order denying arbitration under the federal act. *See, e.g.*, *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272-73 (Tex. 1992). No document filed in this court in connection with this proceeding can be construed as a petition for writ of mandamus.

Appellees also filed a motion for sanctions for filing a frivolous appeal. The motion for sanctions is overruled.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:   December 11, 2003