TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00573-CV






Evan P. Weaver and Weaver Interests, Inc., Appellants



v.



Jim Tobin and Linda Tobin, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. GN301325, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 On September 29, 2003, appellants Evan P. Weaver and Weaver Interests, Inc.
(Weaver) filed a notice of an interlocutory appeal from a trial court order denying its motion to
compel arbitration. On October 2, Weaver filed an emergency motion to stay the trial that was
scheduled to start October 6, 2003. This court denied the motion for emergency relief. See Weaver
v. Tobin, No. 03-03-00573-CV (Tex. App.--Austin October 3, 2003, order). On October 6, Weaver
removed the case to federal court, staying any action by this Court on the motion to dismiss the
appeal and for sanctions filed by appellees Jim Tobin and Linda Tobin. See Meyerland Co. v.
Federal Deposit Ins. Corp., 848 S.W.2d 82, 83 (Tex. 1993). Accordingly, we abated the appeal with
instructions that the appeal was reinstated at the revesting of jurisdiction in the state court upon the
federal court's execution of the remand order and mailing of a certified copy of the order to the state
court. See Quaestor Investments, Inc. v. State of Chiapas, 997 S.W.2d 226, 229 (Tex. 1999); 
Weaver v. Tobin, No. 03-03-00573-CV (Tex. App.--Austin October 27, 2003, interlocutory
memorandum opinion abating appeal). The Travis County District Clerk received the order of
remand on October 27, 2003. Accordingly, this cause was reinstated.

 The initial material filed in this case was unclear about whether the Texas Arbitration
Act (1) or the Federal Arbitration Act (2) applied. In his notice of removal, however, Weaver
unequivocally states: "Defendants seek to compel arbitration pursuant to the Federal Act." The
Texas Arbitration Act allows an interlocutory appeal from an order denying a motion to compel
arbitration. Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (West Supp. 2003). No such
provisions allow an interlocutory appeal to a Texas court from an order denying arbitration under
the Federal Arbitration Act. See In re J.D. Edwards World Solutions Co., 87 S.W.3d 546, 551 (Tex.
2003) (citing Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73). (3) Accordingly, we dismiss this
appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

 Appellees also filed a motion for sanctions for filing a frivolous appeal. The motion
for sanctions is overruled.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Dismissed for Want of Jurisdiction


Filed: December 11, 2003
1. Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (West Supp. 2003).
2. 9 U.S.C.A. §§ 1-16 (West 1999).
3. Mandamus, not appeal, is the appropriate remedy to contest an order denying arbitration
under the federal act. See, e.g., Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992). 
No document filed in this court in connection with this proceeding can be construed as a petition for
writ of mandamus.