NO









NO. 12-09-00065-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

                                                                             '     

IN RE:TERESA STRONG,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 

 





                                                      MEMORANDUM
OPINION

Teresa
Strong brings this original mandamus proceeding complaining of the trial court=s letter ruling on
discovery.[1]  We deny the
petition for writ of mandamus.

 

Background

            The
underlying suit is a divorce action between Teresa Strong and Tommy L. Strong.  On
July 12, 2007, Teresa served Tommy with a first request for production and
inspection of documents.  Although Tommy’s responses were due no later than
August 14, 2007, he did not file them by that date.  On December 11, 2008,
Tommy served Teresa with his responses by telephonic document and certified
mail, return receipt requested.  Of the thirty-five requests for production,
Tommy objected to the following four:

 

•        
Request for production number 22 seeking
a copy of Tommy’s credit report from one of three credit bureaus;

•        
Request for production number 30 seeking,
for the period since the date of the marriage, all documents related to the
reduction of the principal amount of debts that were incurred during the
marriage, and the refinancing of the principal amount of those debts;

•        
Request for production number 31 seeking,
for the period since the date of the marriage, all documents related to
expenditures for capital improvements to property other than by incurring debt;
and

•        
Request for production number 32 seeking
all documents related to the purchase of or capital improvements to the real
property and improvements located at two addresses in Rusk County, Texas.

Tommy’s
objections to these requests include that certain documents did not exist; were
not in his possession, custody, or control; were obtainable from another source
that was more convenient; or were equally in Teresa’s possession, custody, or
control.

Teresa
filed a motion to compel production of the requested documents and for
sanctions, stating that Tommy had waived any objections or privileges that may
have been available to him.  Teresa also requested the trial court order that
Tommy be charged for all expenses of discovery and taxable court costs.  The
trial court held a hearing on Teresa’s motion.  At the beginning of the
hearing, Teresa stated that Tommy’s responses were not timely answered and
therefore all of his objections were waived.  She requested that all of Tommy’s
objections be overruled and that he be ordered to answer the discovery fully
and completely.  However, Tommy stated that the parties made an agreement that
the new deadline for discovery would be December 12.  He also stated that all
responses, including objections, were submitted to Teresa on or before the
deadline. Teresa disagreed, stating that Tommy’s attorney refused to sign a
proposed Rule 11 letter and that the letter did not extend the time for Tommy
to object to the discovery requests.

During
the hearing, Teresa also requested that Tommy be required to produce documents
in response to request for production number 18 seeking all deeds, deeds of
trust, appraisals, and other documents relating to any real property in which
the parties claim or have claimed an interest.  Tommy responded that
production, inspection, or other requested action would be permitted as
requested.  He also referred Teresa to his response to request for production
number 4, which included an attached appraisal for the property in Henderson,
Texas. Teresa urged that because Tommy had waived his objections, he should be
required to produce the real estate records.  However, Tommy responded that the
property was community property and that it was “ridiculous” for him to produce
a document to which Teresa has equal access. Teresa also discussed Tommy’s
responses to other requests for production. In request for production 10,
Teresa asked that Tommy produce certain bank records from all deposit accounts
with banks or other financial institutions.  He gave the same answer as in
response to request for production number 18, and referred Teresa to copies of
bank records attached to the response.  In request for production number 12,
Teresa sought documents relating to the amount and character of the separate
and community debts of the parties.  Tommy responded that he did not have any
of the requested documents in his possession.  Further, in response to requests
for production numbers 13, 14, 15, and 23 seeking copies of certificates of
deposit, retirement accounts, certificates of stock, and credit card
statements, Tommy referred Teresa to documents attached to his response.  In his
response to the request for his credit card statements, Tommy stated that he
attached all the statements that were in his possession.

The
trial court found that there was no agreement between the parties to extend the
time for objections and motions for protection.  The trial court also found
that Tommy’s objections were waived because they were untimely.  Further, the
trial court ordered Tommy to produce all the documents in his possession and
supplement his responses, under oath, showing that he made a diligent search
for all the documents in his actual possession, custody, and control.  After
reviewing the law relating to rule 192.7 of the Texas Rules of Civil Procedure,
the trial court notified the parties that records of a bank or other third
party institution were not encompassed within the definition of Texas Rule of
Procedure 192.7.  Instead, the court concluded the records were covered under
“rule 205.3 or other applicable rules concerning duces tecum subpoenas.”  Thus,
the trial court denied Teresa’s request that Tommy obtain and pay for copies of
documents held by third parties, including public records.  Tommy then
supplemented his response to Teresa’s request for production, declaring, under
oath, that the “materials heretofore produced in response to discovery were
those in his possession upon reasonable and diligent search and inquiry.”

This
original proceeding followed.  Along with her mandamus petition, Teresa filed a
motion for a temporary stay of the underlying proceeding, which was granted.

 

Prerequisites to Mandamus

In
her sole issue, Teresa argues that the trial court abused its discretion when
it did not require Tommy to obtain and pay for copies of documents held by
third parties and public records after finding that his objections had been
waived.

Mandamus
is intended to be an extraordinary remedy, available only in limited
circumstances.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).  It is available only to correct a clear abuse of discretion when there
is no adequate remedy by appeal.  In re J.D. Edwards World Solutions Co.,
87 S.W.3d 546, 549 (Tex. 2002).  A trial court clearly abuses its discretion if
Ait reaches a decision
so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.@  Walker,
827 S.W.2d at 839 (quoting Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985)).  A party seeking review of a discovery order
by mandamus must demonstrate that the remedy offered by an ordinary appeal is
inadequate.  Walker, 827 S.W.2d at 842.  In fact, the requirement
that a person seeking mandamus relief establish the lack of an adequate
appellate remedy is a “fundamental tenet” of mandamus practice.  Id.
at 840 (quoting Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 684 (Tex. 1989)).  Mandamus should issue only in situations involving
manifest and urgent necessity and not for grievances to which other remedies
may apply.  In re Kasschau, 11 S.W.3d 305, 310 (Tex. App.—Houston
[14th Dist.] 1999, no pet.). 

As
a prerequisite to mandamus, Teresa must show that the trial court’s refusal to
order Tommy to obtain and pay for copies of the subject documents was an abuse
of discretion for which there is no adequate remedy by appeal. See In
re Sims, No. 04-03-00248-CV, 2003 WL 22052827, at *2 (Tex. App.—San
Antonio Sept. 3, 2003, no pet.) (mem. op.).  However, Teresa failed to explain
why any abuse of discretion by the trial court cannot be remedied by an appeal.
 See In re Kasschau, 11 S.W.3d at 310 (denying mandamus because
relator did not explain why the court’s ruling could not be remedied by
appeal); In re Sims, 2003 WL 22052827, at *2 (denying mandamus
because relator failed to explain why any error in the court’s ruling could not
be remedied by appeal).  Instead, she discussed only her contention that the
trial court abused its discretion.  See In re Jones, No.
07-04-0405-CV, 2004 WL 2608546, at *1 (Tex. App.—Amarillo Nov. 16, 2004, no
pet.) (op. on reh’g) (Quinn, J., concurring) (“Establishing [an abuse of
discretion] does not alone entitle one to a writ of mandamus.”).  Therefore,
she has not shown that appeal is an inadequate remedy.

Conclusion

            Because
Teresa has not shown that appeal is an inadequate remedy, she cannot establish
that she is entitled to mandamus relief. Therefore, we need not address whether
the trial court abused its discretion. See Tex. R. App. P. 47.1.  Accordingly, we deny Teresa=s petition for writ of
mandamus.  Our stay is lifted.

 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

Opinion delivered March 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









[1] The real party in interest is Tommy L. Strong. The
respondent is the Honorable Chad Dean, Judge of the County Court at Law of Rusk
County, Texas.