# NO. 12-09-00065-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE:TERESA STRONG,*<br>*RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Teresa Strong brings this original mandamus proceeding complaining of the trial court's letter ruling on discovery.[1] We deny the petition for writ of mandamus.

## BACKGROUND

The underlying suit is a divorce action between Teresa Strong and Tommy L. Strong. On July 12, 2007, Teresa served Tommy with a first request for production and inspection of documents. Although Tommy's responses were due no later than August 14, 2007, he did not file them by that date. On December 11, 2008, Tommy served Teresa with his responses by telephonic document and certified mail, return receipt requested. Of the thirty-five requests for production, Tommy objected to the following four:

- Request for production number 22 seeking a copy of Tommy's credit report from one of three credit bureaus;
- Request for production number 30 seeking, for the period since the date of the marriage, all documents related to the reduction of the principal amount of debts that were incurred during the marriage, and the refinancing of the principal amount of those debts;
- Request for production number 31 seeking, for the period since the date of the marriage, all documents related to expenditures for capital improvements to property other than by incurring debt; and
- Request for production number 32 seeking all documents related to the purchase of or capital improvements to the real property and improvements located at two addresses in Rusk County, Texas.

---

[1] The real party in interest is Tommy L. Strong. The respondent is the Honorable Chad Dean, Judge of the County Court at Law of Rusk County, Texas.

Tommy's objections to these requests include that certain documents did not exist; were not in his possession, custody, or control; were obtainable from another source that was more convenient; or were equally in Teresa's possession, custody, or control.

Teresa filed a motion to compel production of the requested documents and for sanctions, stating that Tommy had waived any objections or privileges that may have been available to him. Teresa also requested the trial court order that Tommy be charged for all expenses of discovery and taxable court costs. The trial court held a hearing on Teresa's motion. At the beginning of the hearing, Teresa stated that Tommy's responses were not timely answered and therefore all of his objections were waived. She requested that all of Tommy's objections be overruled and that he be ordered to answer the discovery fully and completely. However, Tommy stated that the parties made an agreement that the new deadline for discovery would be December 12. He also stated that all responses, including objections, were submitted to Teresa on or before the deadline. Teresa disagreed, stating that Tommy's attorney refused to sign a proposed Rule 11 letter and that the letter did not extend the time for Tommy to object to the discovery requests.

During the hearing, Teresa also requested that Tommy be required to produce documents in response to request for production number 18 seeking all deeds, deeds of trust, appraisals, and other documents relating to any real property in which the parties claim or have claimed an interest. Tommy responded that production, inspection, or other requested action would be permitted as requested. He also referred Teresa to his response to request for production number 4, which included an attached appraisal for the property in Henderson, Texas. Teresa urged that because Tommy had waived his objections, he should be required to produce the real estate records. However, Tommy responded that the property was community property and that it was "ridiculous" for him to produce a document to which Teresa has equal access. Teresa also discussed Tommy's responses to other requests for production. In request for production 10, Teresa asked that Tommy produce certain bank records from all deposit accounts with banks or other financial institutions. He gave the same answer as in response to request for production number 18, and referred Teresa to copies of bank records attached to the response. In request for production number 12, Teresa sought documents relating to the amount and character of the separate and community debts of the parties. Tommy responded that he did not have any of the requested documents in his possession. Further, in response to requests for production numbers 13, 14, 15, and 23 seeking copies of certificates of

deposit, retirement accounts, certificates of stock, and credit card statements, Tommy referred Teresa to documents attached to his response. In his response to the request for his credit card statements, Tommy stated that he attached all the statements that were in his possession.

The trial court found that there was no agreement between the parties to extend the time for objections and motions for protection. The trial court also found that Tommy's objections were waived because they were untimely. Further, the trial court ordered Tommy to produce all the documents in his possession and supplement his responses, under oath, showing that he made a diligent search for all the documents in his actual possession, custody, and control. After reviewing the law relating to rule 192.7 of the Texas Rules of Civil Procedure, the trial court notified the parties that records of a bank or other third party institution were not encompassed within the definition of Texas Rule of Procedure 192.7. Instead, the court concluded the records were covered under "rule 205.3 or other applicable rules concerning duces tecum subpoenas." Thus, the trial court denied Teresa's request that Tommy obtain and pay for copies of documents held by third parties, including public records. Tommy then supplemented his response to Teresa's request for production, declaring, under oath, that the "materials heretofore produced in response to discovery were those in his possession upon reasonable and diligent search and inquiry."

This original proceeding followed. Along with her mandamus petition, Teresa filed a motion for a temporary stay of the underlying proceeding, which was granted.

## PREREQUISITES TO MANDAMUS

In her sole issue, Teresa argues that the trial court abused its discretion when it did not require Tommy to obtain and pay for copies of documents held by third parties and public records after finding that his objections had been waived.

Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). It is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A party seeking review of a discovery order by mandamus must demonstrate that the remedy offered by an ordinary appeal is inadequate. *Walker*, 827 S.W.2d at 842. In fact, the

requirement that a person seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. ***Id.*** at 840 (quoting ***Holloway v. Fifth Court of Appeals***, 767 S.W.2d 680, 684 (Tex. 1989)). Mandamus should issue only in situations involving manifest and urgent necessity and not for grievances to which other remedies may apply. ***In re Kasschau***, 11 S.W.3d 305, 310 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

As a prerequisite to mandamus, Teresa must show that the trial court's refusal to order Tommy to obtain and pay for copies of the subject documents was an abuse of discretion for which there is no adequate remedy by appeal. *See **In re Sims***, No. 04-03-00248-CV, 2003 WL 22052827, at *2 (Tex. App.—San Antonio Sept. 3, 2003, no pet.) (mem. op.). However, Teresa failed to explain why any abuse of discretion by the trial court cannot be remedied by an appeal. *See **In re Kasschau***, 11 S.W.3d at 310 (denying mandamus because relator did not explain why the court's ruling could not be remedied by appeal); ***In re Sims***, 2003 WL 22052827, at *2 (denying mandamus because relator failed to explain why any error in the court's ruling could not be remedied by appeal). Instead, she discussed only her contention that the trial court abused its discretion. *See **In re Jones***, No. 07-04-0405-CV, 2004 WL 2608546, at *1 (Tex. App.—Amarillo Nov. 16, 2004, no pet.) (op. on reh'g) (Quinn, J., concurring) ("Establishing [an abuse of discretion] does not alone entitle one to a writ of mandamus."). Therefore, she has not shown that appeal is an inadequate remedy.

## CONCLUSION

Because Teresa has not shown that appeal is an inadequate remedy, she cannot establish that she is entitled to mandamus relief. Therefore, we need not address whether the trial court abused its discretion. *See* TEX. R. APP. P. 47.1. Accordingly, we deny Teresa's petition for writ of mandamus. Our stay is lifted.

                      **JAMES T. WORTHEN**
                           Chief Justice

Opinion delivered March 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)