

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00361-CV

**ENERGY TRANSFER FUEL, LP,**

                                        **Appellant**

 **v.**

**THE ESTATE OF ROBBIE LOU SOUTER
AND TOMMY ROSSA,**

                                        **Appellees**

———————————

**From the 40th District Court
Ellis County, Texas
Trial Court No. 79169**

---

## MEMORANDUM  OPINION

---

In this interlocutory appeal, Energy Transfer Fuel, LP (ETF) complains that the trial court erred in denying ETF's motion to compel arbitration.  We agree and will reverse the trial court's ruling.

ETF has a pipeline easement on agricultural property owned by the Estate of Robbie Lou Souter (Souter) and by Tommy Rossa.  In 2008, ETF was going to install an additional pipeline in the easement and needed to acquire temporary work space from Souter and Rossa.  ETF entered into a "Temporary Work Space and Access Agreement"

with Souter that granted ETF a temporary work space easement and access to their properties to install the pipeline. Thereafter, Souter and Rossa's representative, Keith Miltberger, negotiated a twenty-four paragraph addendum to the agreement relating to restoration of their properties. The addendum contains the following provision:

> 6.    GRANTEE [ETF] agrees to pay for any damages, relating to Grantee's activities on the property owned by Grantor, incurred after the completion of the initial construction and installation which may arise but are not limited to crops, trees found outside the Easement and [Temporary Work Space]. Said damages, if not mutually agreed upon[,] to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said GRANTOR, one by the said GRANTEE, and the third by the two so appointed, and the written award of such three persons shall be final and conclusive.

Souter and Rossa have sued ETF for breach of the agreement and the addendum,[1] complaining that ETF did not restore their properties to the condition required by the agreement and addendum.[2] ETF moved to compel arbitration, asserting that paragraph 6 is an arbitration agreement.[3] The trial court denied the motion, and in its sole issue, ETF asserts that the trial court erred.

> In evaluating a motion to compel arbitration, a court must first determine whether a valid arbitration agreement exists, and then whether

---

[1] Souter and Rossa also sue for specific performance under the agreement and for declaratory judgment relating to disputes on interpretation of the agreement.

[2] In their petition, Souter and Rossa assert that ETF breached the agreement by:
- Failing to restore the low water crossings;
- Rendering the existing low water crossings unusable;
- Creating ridges on the properties that divert water flow and cause erosion;
- Failing to re-seed the properties with native grasses;
- Failing to restore proper gating;
- Failing to accurately and properly mark the pipelines; and
- Failing to perform proper erosion control.

[3] ETF asserts that the Federal Arbitration Act applies because the pipeline involves interstate commerce. *See* 9 U.S.C. § 2. Souter and Rossa do not disagree.

the agreement encompasses the claims raised. *Am. Std. v. Brownsville Indep. Sch. Dist.* (*In re D. Wilson Constr. Co.*), 196 S.W.3d 774, 781 (Tex. 2006); *see In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006) (per curiam). Whether a valid arbitration agreement exists is a legal question subject to de novo review. *Id.* Although the Texas Supreme Court has repeatedly expressed a strong presumption favoring arbitration, the presumption arises *only after* the party seeking to compel arbitration proves that a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003) (emphasis added). Courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001).

Arbitration agreements are interpreted under traditional contract principles. *J.M. Davidson,* 128 S.W.3d at 227. If the trial court finds a valid agreement, the burden shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration. *Id.* Absent a defense to enforcing the arbitration agreement, the trial court has no discretion but to compel arbitration and stay its own proceedings. *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002) (per curiam).

*LDF Constr., Inc. v. Bryan,* No. 10-08-00315-CV, 2010 WL 1052863, at *2 (Tex. App.—Waco Mar. 10, 2010, no pet. h.).

Souter and Rossa assert that the provision is not an arbitration provision because it is not specifically identified as an "arbitration" agreement. We disagree. An arbitration agreement does not have to be in any particular form. *Manes v. Dallas Baptist College,* 638 S.W.2d 143, 145 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). An agreement in any form is only arbitration if it meets the definition of "arbitration." *In re Anaheim Angels Baseball Club, Inc.,* 993 S.W.2d 875, 879-80 (Tex. App.—El Paso 1999, orig. proceeding). Arbitration has been defined as

a contractual proceeding by which the parties to a controversy or dispute, in order to obtain a speedy and inexpensive final disposition of matters involved, voluntarily select arbitrators or judges of their own choice, and by consent submit the controversy to such tribunal for determination in

substitution for the tribunals provided by the ordinary processes of the law.

*Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 268 (Tex. 1992). Another definition is:

A method of dispute resolution involving one or more neutral third parties who are usu. agreed to by the disputing parties and whose decision is binding.

BLACK'S LAW DICTIONARY 119 (9th ed. 2009).

The provision at issue is an arbitration agreement.

Souter and Rossa next assert that the provision only covers the issue of damages and that therefore liability can be litigated. We disagree.

To determine whether an arbitration agreement covers a party's claims, a court must focus on the complaint's factual allegations, not the legal causes of action asserted. *FirstMerit Bank,* 52 S.W.3d at 754. We are to construe arbitration clauses broadly, and when a contract contains an arbitration clause, there is a presumption of arbitrability. *See AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). Any doubts as to arbitrability are to be resolved in favor of coverage. *FirstMerit Bank,* 52 S.W.3d at 754. Likewise, we resolve any doubts about the scope of the arbitration agreement in favor of coverage. *Id.* In fact, the policy in favor of enforcing arbitration agreements is so compelling that a court should not deny arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation covering the dispute at issue. *Prudential Sec., Inc. v. Marshall,* 909 S.W.2d 896, 899 (Tex. 1995).

Generally, if the facts alleged "touch matters" that are covered by, have a

"significant relationship" to, are "inextricably enmeshed" with, or are "factually intertwined" with the contract that contains the arbitration agreement, the claims are arbitrable. *Pennzoil Co. v. Arnold Oil Co.,* 30 S.W.3d 494, 498 (Tex. App.—San Antonio 2000, orig. proceeding). In other words, to come within the scope of the arbitration provision, a party's allegations need only be factually intertwined with arbitrable claims or otherwise touch upon the subject matter of the agreement containing the arbitration provision. *See Prudential,* 909 S.W.2d at 900; *Jack B. Anglin Co.,* 842 S.W.2d at 271.

In their petition, Souter and Rossa plead that the whole purpose of the addendum was to add requirements governing ETF's actions on the properties and the restoration of the properties' surface. Their factual allegations regarding surface damage caused and not remediated by ETF pertain to both liability and damages, which are factually intertwined. Therefore, we hold that all the claims against ETF are within the scope of the arbitration agreement and sustain ETF's sole issue. We reverse the trial court's order denying ETF's motion to compel arbitration and remand this case for the entry of an order compelling the parties to arbitration and for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Reversed and remanded
Opinion delivered and filed April 21, 2010
[CV06]