IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00361-CV

 

Energy Transfer Fuel, LP,

                                                                                    Appellant

 v.

 

The Estate of Robbie Lou Souter

and Tommy Rossa,

                                                                                    Appellees

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 79169

 



MEMORANDUM  Opinion



 

            In this interlocutory
appeal, Energy Transfer Fuel, LP (ETF) complains that the trial court erred in
denying ETF’s motion to compel arbitration.  We agree and will reverse the
trial court’s ruling.

            ETF has a pipeline easement
on agricultural property owned by the Estate of Robbie Lou Souter (Souter) and
by Tommy Rossa.  In 2008, ETF was going to install an additional pipeline in
the easement and needed to acquire temporary work space from Souter and Rossa. 
ETF entered into a “Temporary Work Space and Access Agreement” with Souter that
granted ETF a temporary work space easement and access to their properties to
install the pipeline.  Thereafter, Souter and Rossa’s representative, Keith
Miltberger, negotiated a twenty-four paragraph addendum to the agreement
relating to restoration of their properties.  The addendum contains the
following provision:

6.         GRANTEE [ETF] agrees to pay
for any damages, relating to Grantee’s activities on the property owned by
Grantor, incurred after the completion of the initial construction and
installation which may arise but are not limited to crops, trees found outside
the Easement and [Temporary Work Space].  Said damages, if not mutually agreed
upon[,] to be ascertained and determined by three disinterested persons, one
thereof to be appointed by the said GRANTOR, one by the said GRANTEE, and the
third by the two so appointed, and the written award of such three persons
shall be final and conclusive.

 

            Souter and Rossa have sued
ETF for breach of the agreement and the addendum,[1]
complaining that ETF did not restore their properties to the condition required
by the agreement and addendum.[2] 
ETF moved to compel arbitration, asserting that paragraph 6 is an arbitration
agreement.[3] 
The trial court denied the motion, and in its sole issue, ETF asserts that the
trial court erred.

            In evaluating a motion to
compel arbitration, a court must first determine whether a valid arbitration
agreement exists, and then whether the agreement encompasses the claims
raised.  Am. Std. v. Brownsville Indep. Sch. Dist. (In re D. Wilson
Constr. Co.), 196 S.W.3d 774, 781 (Tex. 2006); see In re Dillard
Dep't Stores, Inc., 186 S.W.3d 514, 515 (Tex. 2006) (per curiam).  Whether
a valid arbitration agreement exists is a legal question subject to de novo review. 
 Id.  Although the Texas Supreme Court has repeatedly expressed a
strong presumption favoring arbitration, the presumption arises only after
the party seeking to compel arbitration proves that a valid arbitration
agreement exists.  J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003) (emphasis added).  Courts must resolve any doubts about an arbitration
agreement’s scope in favor of arbitration.  In re FirstMerit Bank, N.A.,
52 S.W.3d 749, 753 (Tex. 2001).  

 

            Arbitration agreements are
interpreted under traditional contract principles.  J.M. Davidson, 128
S.W.3d at 227.  If the trial court finds a valid agreement, the burden shifts
to the party opposing arbitration to raise an affirmative defense to enforcing
arbitration.  Id.  Absent a defense to enforcing the arbitration
agreement, the trial court has no discretion but to compel arbitration and stay
its own proceedings.  In re J.D. Edwards World Solutions Co., 87 S.W.3d
546, 549 (Tex. 2002) (per curiam).

 

LDF Constr., Inc. v. Bryan, No. 10-08-00315-CV, 2010 WL 1052863, at
*2 (Tex. App.—Waco Mar. 10, 2010, no pet. h.).

            Souter and Rossa assert that
the provision is not an arbitration provision because it is not specifically
identified as an “arbitration” agreement.  We disagree.  An arbitration
agreement does not have to be in any particular form.  Manes v. Dallas
Baptist College, 638 S.W.2d 143, 145 (Tex. App.—Dallas 1982, writ ref’d
n.r.e.).  An agreement in any form is only arbitration if it meets the
definition of “arbitration.”  In re Anaheim Angels Baseball Club, Inc.,
993 S.W.2d 875, 879-80 (Tex. App.—El Paso 1999, orig. proceeding).  Arbitration
has been defined as

a contractual proceeding by which the
parties to a controversy or dispute, in order to obtain a speedy and
inexpensive final disposition of matters involved, voluntarily select
arbitrators or judges of their own choice, and by consent submit the
controversy to such tribunal for determination in substitution for the
tribunals provided by the ordinary processes of the law.

 

Jack
B. Anglin Co. v. Tipps,
842 S.W.2d 266, 268 (Tex. 1992).  Another definition is:

 

A method of dispute resolution involving
one or more neutral third parties who are usu. agreed to by the disputing
parties and whose decision is binding.

 

Black’s Law Dictionary 119 (9th ed. 2009).

 

            The provision at issue is an
arbitration agreement.

            Souter and Rossa next assert
that the provision only covers the issue of damages and that therefore
liability can be litigated.  We disagree.

To determine whether an arbitration
agreement covers a party’s claims, a court must focus on the complaint’s
factual allegations, not the legal causes of action asserted.  FirstMerit
Bank, 52 S.W.3d at 754.  We are to construe arbitration clauses broadly,
and when a contract contains an arbitration clause, there is a presumption of
arbitrability.  See AT & T Tech., Inc. v. Communications Workers of Am.,
475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986).  Any doubts as
to arbitrability are to be resolved in favor of coverage.  FirstMerit Bank,
52 S.W.3d at 754.  Likewise, we resolve any doubts about the scope of the
arbitration agreement in favor of coverage.  Id.  In fact, the policy in
favor of enforcing arbitration agreements is so compelling that a court should
not deny arbitration unless it can be said with positive assurance that an
arbitration clause is not susceptible of an interpretation covering the dispute
at issue.  Prudential Sec., Inc. v. Marshall, 909 S.W.2d 896, 899 (Tex.
1995).

            Generally, if the facts
alleged “touch matters” that are covered by, have a “significant relationship”
to, are “inextricably enmeshed” with, or are “factually intertwined” with the
contract that contains the arbitration agreement, the claims are arbitrable.  Pennzoil
Co. v. Arnold Oil Co., 30 S.W.3d 494, 498 (Tex. App.—San Antonio 2000,
orig. proceeding).  In other words, to come within the scope of the arbitration
provision, a party’s allegations need only be factually intertwined with
arbitrable claims or otherwise touch upon the subject matter of the agreement
containing the arbitration provision.  See Prudential, 909 S.W.2d at
900; Jack B. Anglin Co., 842 S.W.2d at 271.

            In their petition, Souter
and Rossa plead that the whole purpose of the addendum was to add requirements
governing ETF’s actions on the properties and the restoration of the
properties’ surface.  Their factual allegations regarding surface damage caused
and not remediated by ETF pertain to both liability and damages, which are
factually intertwined.  Therefore, we hold that all the claims against ETF are
within the scope of the arbitration agreement and sustain ETF’s sole issue.  We
reverse the trial court’s order denying ETF’s motion to compel arbitration and
remand this case for the entry of an order compelling the parties to
arbitration and for further proceedings consistent with this opinion.

 

 

REX D. DAVIS

Justice

            




Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Reversed
and remanded

Opinion
delivered and filed April 21, 2010

[CV06]








 









[1]
Souter and Rossa also sue for specific performance under the agreement and for
declaratory judgment relating to disputes on interpretation of the agreement.

 





[2]
In their petition, Souter and Rossa assert that ETF breached the agreement by:

·        
Failing to restore the low water crossings;

·        
Rendering the existing low water crossings unusable;

·        
Creating ridges on the properties that divert water flow and
cause erosion;

·        
Failing to re-seed the properties with native grasses;

·        
Failing to restore proper gating;

·        
Failing to accurately and properly mark the pipelines; and

·        
Failing to perform proper erosion control.

 





[3]
ETF asserts that the Federal Arbitration Act applies because the pipeline
involves interstate commerce.  See 9 U.S.C. § 2.  Souter and Rossa do
not disagree.